<u>Exhibit 1 to Form 401</u>
Appointment and Liquidation Order



Арбитражный суд Московской области
107053, ГСП 6, г. Москва, проспект Академика Сахарова, д.18
http://asmo.arbitr.ru/

ИМЕНЕМ РОССИЙСКОЙ ФЕДЕРАЦИИ
Р Е Ш Е Н И Е

г. Москва                                                                                                                    Дело № А41-51200/14

«02» апреля 2015 года

Резолютивная часть решения объявлена «31» марта 2015 года. Полный текст решения изготовлен «02» апреля 2015 года.

Арбитражный суд Московской области
в составе: судья Торосян М. Г.,
при ведении протокола судебного заседания секретарём Блудовой А. В.
рассмотрев в судебном заседании по делу о несостоятельности (банкротстве) ИП Морозова Е. М. итоги процедуры наблюдения и отчет временного управляющего должника Мальцева Е. М.,
при участии в заседании: согласно протоколу,

установил:

Определением Арбитражного суда Московской области от 13.10.2014 г. в отношении индивидуального предпринимателя Морозова Евгения Михайловича (ИНН 770301034279, ОГРН 309774611700052) введена процедура банкротства – наблюдение, временным управляющим утвержден член НП СРО «МЦПУ» Мальцев Матвей Александрович.

Сообщение о введении в отношении должника процедуры наблюдения опубликовано в газете «Коммерсантъ» №185 от 11.10.2014 г.

В течение установленного срока к должнику были предъявлены и рассмотрены арбитражным судом требования десяти кредиторов, из которых в реестр требований кредиторов включены требования пяти кредиторов на сумму 481021284 руб. 27 коп.

По результатам проведения процедуры наблюдения в отношении должника временным управляющим представлен в суд отчет, отчеты об оценке стоимости недвижимого имущества и земельных участков.

Анализ финансового состояния должника временным управляющим не проводился по причине отсутствия баланса, вместе с тем было составлено экспертное аудиторское заключение, основные выводы которого были использованы управляющим в отчете.

Из отчета управляющего следует, что восстановление платежеспособности невозможно по причине отсутствия свойства оборачиваемости активов для возможности влияния на направление и динамику платежеспособности и целесообразно ввести процедуру конкурсного производства.

Согласно п. 1 ст. 3 Федеральным законом от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее Закон о банкротстве) гражданин считается неспособным удовлетворить требования кредиторов по денежным обязательствам и (или) исполнить обязанность по уплате обязательных платежей, если соответствующие обязательства и (или) обязанность не исполнены им в течение трех месяцев с даты, когда они должны были быть исполнены, и если сумма его обязательств превышает стоимость принадлежащего ему имущества.

В соответствии с п. 1 ст. 53 Закона о банкротстве, решение арбитражного суда о признании должника банкротом и об открытии конкурсного производства принимается в случаях установления признаков банкротства должника, предусмотренных статьей 3 настоящего Федерального закона.

Обращение с ходатайством о признании должника банкротом и введении конкурсного производства по общему правилу отнесено к компетенции собрания кредиторов (абз. 11 п. 2 ст. 12 Закона о банкротстве).

Пунктом 1 ст. 75 Закона о банкротстве установлено, что в случае, если иное не установлено настоящей статьей, арбитражный суд на основании решения первого собрания кредиторов выносит определение о введении финансового оздоровления или внешнего управления, либо принимает решение о признании должника банкротом и об открытии конкурсного производства, либо утверждает мировое соглашение и прекращает производство по делу о банкротстве.

В п. 2 данной статьи закона указано, что в случае, если первым собранием кредиторов не принято решение о применении одной из процедур, применяемых в деле о банкротстве, арбитражный суд откладывает рассмотрение дела в пределах срока, установленного статьей 51 настоящего Федерального закона, и обязывает кредиторов принять соответствующее решение к установленному арбитражным судом сроку.

При отсутствии возможности отложить рассмотрение дела в пределах срока, установленного статьей 51 настоящего Федерального закона, арбитражный суд:

выносит определение о введении финансового оздоровления, если имеется ходатайство учредителей (участников) должника, собственника имущества должника - унитарного предприятия, уполномоченного государственного органа, а также третьего лица или третьих лиц, при условии предоставления достаточного обеспечения исполнения обязательств должника в соответствии с графиком погашения задолженности, размер которого должен превышать размер обязательств должника, включенных в реестр требований кредиторов на дату проведения первого собрания кредиторов, не менее чем на двадцать процентов.

при отсутствии оснований для введения финансового оздоровления, предусмотренных настоящей статьей, выносит определение о введении внешнего управления, если у арбитражного суда есть достаточные основания полагать, что платежеспособность должника может быть восстановлена;

при наличии признаков банкротства, установленных настоящим Федеральным законом, и при отсутствии оснований для введения финансового оздоровления и внешнего управления, предусмотренных настоящей статьей, принимает решение о признании должника банкротом и об открытии конкурсного производства.

Согласно правовой позиции, изложенной в пункте 8 Постановления Пленума Высшего Арбитражного Суда Российской Федерации от 30.06.2011 № 51 «О рассмотрении дел о банкротстве индивидуальных предпринимателей» (далее Постановление Пленума

DERZH0019

АС РФ № 51), при рассмотрении дела о банкротстве должника - индивидуального предпринимателя, не являющегося главой крестьянского (фермерского) хозяйства, могут применяться только такие процедуры, как наблюдение, конкурсное производство и мировое соглашение. В то же время в том случае, когда в состав имущества должника входит значительный имущественный комплекс (предприятие) либо иное имущество, нуждающееся в постоянном управлении и способное приносить доход, в отношении данного предпринимателя по аналогии закона применительно к главам V, VI Закона о банкротстве могут быть введены такие процедуры банкротства, как финансовое оздоровление или внешнее управление.

В соответствии с п.п. 3 и 5 ст. 207 Закона о банкротстве на основании заявления гражданина арбитражный суд может отложить рассмотрение дела о банкротстве не более чем на месяц для осуществления гражданином расчетов с кредиторами или достижения мирового соглашения. В случае, если в установленный пунктом 3 настоящей статьи срок гражданин не представил доказательство удовлетворения требований кредиторов и в указанный срок не заключено мировое соглашение, арбитражный суд принимает решение о признании гражданина банкротом и об открытии конкурсного производства.

В пунктах 21 и 22 Постановления Пленума ВАС РФ № 51 разъяснено, что проведение собраний кредиторов, в том числе первого, в соответствии со статьей 75 Закона о банкротстве требуется только в случае утверждения мирового соглашения или в иных случаях, когда суд признает это необходимым. В остальных случаях суд принимает решение о признании должника банкротом без проведения собрания кредиторов. Утверждение конкурсного управляющего имуществом должника согласно пункту 2 статьи 209 Закона о банкротстве должно происходить в случаях, когда судом, в том числе на основе отчета временного управляющего, установлено, что у должника имеется недвижимое или особо ценное движимое имущество, нуждающееся в постоянном управлении им (предприятие, действующее производство и др.). Конкурсный управляющий может быть утвержден и в иных случаях, когда суд признает невозможным или затруднительным ведение дела о банкротстве без его участия. В частности, о необходимости утверждения конкурсного управляющего может свидетельствовать необходимость оспаривания сделок должника по основаниям, предусмотренным Законом о банкротстве, существенное количество конкурсных кредиторов, наличие залоговых кредиторов наравне с конкурсными кредиторами, существенный объем текущих платежей, необходимость привлечения третьих лиц для осуществления конкурсного производства, наличие у должника имущества, находящегося в общей (совместной) собственности и подлежащего разделу для включения в конкурсную массу, и т.п.

Первое собрание кредиторов должника, назначенное арбитражным управляющим на 27.03.2015 г. по месту нахождения должника, проведено им не было по причине отсутствия доступа к месту проведения собрания.

Проведение собрания кредиторов в данном случае самостоятельно кредиторами Законом о банкротстве не предусмотрено, в связи с чем оснований для утверждения принятых на нем решений у суда не имеется.

Вместе с тем, суд полагает необходимым отметить, что кредиторы должника, как на проведенном ими собрании, так и в судебном заседании ходатайствовали о введении в отношении должника процедуры банкротства – конкурсное производство.

Аналогичное ходатайство было заявлено и конкурсным управляющим должника.

Учитывая изложенное, принимая во внимание истечение срока рассмотрения дела о банкротстве, отсутствия надлежащих доказательств в обоснование ходатайства должника об отложении судебного заседания, суд считает возможным признать должника несостоятельным (банкротом), открыть в отношении него конкурсное производство.

При этом, принимая во внимание большое количество принадлежащего должнику недвижимого имущества, нуждающегося в постоянном управлении им, наличие залоговых кредиторов наравне с конкурсными кредиторами, арбитражный суд приходит к выводу о необходимости назначения конкурсного управляющего должника.

Поскольку определение кандидатуры арбитражного управляющего или саморегулируемой организации, из числа членов которой должен быть утвержден арбитражный управляющий, относится к компетенции первого собрания кредиторов, которое не было проведено в установленном порядке, суд полагает необходимым возложить исполнение соответствующих обязанностей на временного управляющего должника с обязанием последнего провести собрание кредиторов должника по вышеназванному вопросу.

Ежемесячный размер вознаграждения конкурсному управляющему определяется арбитражным судом в соответствии со ст.20.6 Закона о банкротстве в размере 30000 руб. в месяц за счет денежных средств и иного имущества должника.

Согласно п. 1 ст. 216 Закона о банкротстве с момента принятия арбитражным судом решения о признании индивидуального предпринимателя банкротом и об открытии конкурсного производства утрачивает силу государственная регистрация гражданина в качестве индивидуального предпринимателя.

Руководствуясь ст. ст. 167-170, 176, 223 Арбитражного процессуального кодекса Российской Федерации, статьями 124-127 Федерального закона «О несостоятельности (банкротстве)», Арбитражный суд Московской области

РЕШИЛ:

Признать индивидуального предпринимателя Морозова Евгения Михайловича (ИНН 770301034279, ОГРН 309774611700052, 140000, Московская область, Истринский район, д. Котово, д. 1) несостоятельным (банкротом) и открыть в отношении него конкурсное производство сроком на 6 месяцев, до 30.09.2015 г.

Возложить исполнение обязанностей конкурсного управляющего Морозова Е. М. на временного управляющего Мальцева Е. М. с ежемесячным вознаграждением в размере 30000 руб. 00 коп. за счет денежных средств и иного имущества должника.

Обязать исполняющего обязанности конкурсного управляющего в срок до 24.04.2015 г. провести собрание кредиторов должника для рассмотрения вопроса о выборе саморегулируемой организации, из числа членов которой должен быть утвержден конкурсный управляющий, и о требованиях к кандидатуре такого управляющего.

Рассмотрение вопроса об утверждении конкурсного управляющего назначить на 12.05.2015 г. в 11 час. 00 мин., кабинет № 612 в здании суда.

Конкурсному управляющему по окончании срока процедуры представить в арбитражный суд отчет о результатах проведения конкурсного производства.

Назначить судебное заседание по рассмотрению отчета конкурсного управляющего должника на «30» сентября 2015 г. в 10 час. 10 мин., кабинет 612 в помещении суда.

Конкурсному управляющему к указанной дате представить мотивированное ходатайство о продлении срока конкурсного производства, либо о его завершении, копию ходатайства заблаговременно направить в адрес лиц, участвующих в деле.

Решение подлежит немедленному исполнению и может быть обжаловано в течение месяца со дня его принятия в Десятый арбитражный апелляционный суд.

Судья                                                                                                                                    М. Г. Торосян

Арбитражный суд
Московской области
КОПИЯ ВЕРНА
Должность
Подпись

DERZH0020

*- Translation from Russian into English*
*Перевод с русского языка на английский язык*

COPY OF A COPY

60_3523727

Stamp: /*The Court Order took legal effect * Full name of the judge Torosyan M.G. Signature * 19.06.2015 * Signature*/

Round seal: /*Arbitration Court of the Moscow Region*/

COPY

Arbitration Court of the Moscow Region
107053, GSP 6, Moscow, Akademika Sakharova Prospekt, Bldg. 18
http://asmo.arbitr.ru/

IN THE NAME OF THE RUSSIAN FEDERATION

Moscow

Case Number A41-51200/14

April 02, 2015

The holding of the court decision was declared on March 31, 2015, the determination was made in full on April 02, 2015

The arbitration court of the Moscow region
composed of: the judge Torosyan M. G.,
Protocol of court session being maintained by Secretary Bludova A.V.
having considered in the court session a bankruptcy petition of the debtor Individual Entrepreneur Morozov E. M.,
with the participation in the court session: according to the Protocol,

RESOLVED:

By determination of the Arbitration Court of the Moscow region dated 13.10.2014 with respect to the individual entrepreneur Evgeny Mikhailovich Morozov (770301034279 INN, OGRN 309774611700052) a bankruptcy procedure – supervision was implemented, Maltsev Matvey Aleksandrovich was approved as the interim manager.

Notice of the commencement of the supervision procedure with respect to the debtor is published in the Kommersant newspaper No.185 dated 11.10.2014.

Within the prescribed period claims of ten creditors, among which are claims of five creditors in the total amount 481021284 Rubles 27 kopecks, were presented to the debtor and considered by the arbitration court.

The debtor's interim manager submitted to the court a report on results of the supervision procedure and reports on the valuation of the immovable property and land plots.

Analysis of the financial condition of the debtor's interim manager was not carried out due to lack of balance report, however, an expert audit conclusion was drawn up, the key findings of which were used by the interim

DERZH0021

2

manager in the report.

From the report of the manager, it follows that the restoration of solvency is impossible because of the lack of an asset turnover ratio that could lead to or develop solvency and it is advisable to introduce bankruptcy proceedings.

According to section 1 of Clause 3 of the Federal Law dated 26.10.2002 No. 127-FZ "On Insolvency (Bankruptcy)" (hereinafter, the "Bankruptcy Law") a person is considered incapable of satisfying the demands of creditors with respect to financial liabilities and (or) to satisfy obligatory payments and (or) the duty is not fulfilled within three months from the due date, and if the amount of its obligations exceeds the cost of property belonging to him.

In accordance with paragraph 1 of Clause 53 of the Bankruptcy Law, the decision of the Arbitration Court on recognizing the debtor bankrupt and about commencing the bankruptcy proceeding is accepted in cases of proof of the debtor's indicators of bankruptcy under Clause 3 of this Federal Law.

The petition to declare the debtor bankrupt and initiate bankruptcy proceedings as a general rule belongs to the competence of the creditor meeting (para. 11 paragraph 2 of Clause 12 of the Bankruptcy Law).

Paragraph 1 of Clause 75 of the Bankruptcy Law establishes that unless otherwise established by this Clause, the arbitration court, based on the decision of the first creditor' meeting, makes a decision on the introduction of financial rehabilitation or external management, or adopts a decision on recognizing the debtor bankrupt and initiating bankruptcy proceedings or approves the settlement agreement and terminates the bankruptcy proceedings.

In paragraph 2 of this Clause of the Law it is stated that if the first creditor meeting does not make a decision with respect to the application of one of the procedures applied in bankruptcy cases, the arbitration court shall adjourn the proceedings within the term set by Clause 51 of this Federal Law, and shall oblige creditors to make a decision by the time set by the arbitration court.

If it is not possible to defer consideration of the case within the term established by Clause 51 of this Federal law, the arbitral court:

renders a determination on the implementation of financial rehabilitation, if there is a petition of the debtor's founders (participants), the property owner of the debtor - the unitary enterprise, the authorized state body, as well as a third party or third parties, subject to provision of sufficient security for the performance of obligations of the debtor under a debt repayment schedule, the amount of which must exceed the amount of the debtor's obligations included in the register creditors' claims at the date of the first creditor' meeting, by not less than twenty percent;

in the absence of grounds for the financial rehabilitation implementation, provided for by this Clause, shall render a determination on external management implementation, if the arbitration court has reasonable grounds to believe that the debtor's solvency can be restored;

if there are indications of bankruptcy established by the present Federal Law, and in the absence of grounds for the financial rehabilitation and external administration implementation as provided for by this Clause, adopts a decision on recognizing the debtor bankrupt and initiation of bankruptcy proceedings.

According to the legal position set forth in paragraph 8 of the Resolution of Plenum of the Supreme Arbitration Court of the Russian Federation dated 30.06.2011 No. 51 "On Consideration of Cases Regarding the Bankruptcy of Individual Entrepreneurs" (hereinafter, the "Resolution of the Plenum of ALS of the Russian Federation No. 51"), when considering the case of bankruptcy of a debtor who is an individual entrepreneur who is not the head of a peasant (farmer's) enterprise, only such procedures as supervision, bankruptcy proceedings

DERZH0022

and the settlement agreement can be implemented. At the same time, in a case where the composition of the debtor's property includes significant real property complex (enterprise) or other property requiring permanent control and is able to generate income, with respect to the entrepreneur, by reference to the law applicable to chapters V, VI of the Bankruptcy Law, such procedures of bankruptcy as financial rehabilitation or external management can be instituted.

In accordance with paragraphs 3 and 5 of Clause 207 of the Bankruptcy Law on the basis of the statement of the person, the arbitration court can postpone consideration of the bankruptcy case by not more than one month for implementation by the person of settlements with creditors or for conclusion of a settlement agreement. If within the time established by paragraph 3 of this Clause an individual citizen has not submitted evidence of satisfaction of creditors' claims and no amicable agreement is concluded within the specified term of the agreement, the arbitration court shall decide whether to recognize a person as bankruptcy and whether to initiate bankruptcy proceedings.

Paragraphs 21 and 22 of the Resolution of Plenum of the Supreme Arbitration Court of the Russian Federation No. 51 explain that creditor meetings, including the first one, in accordance with Clause 75 of the Bankruptcy Law, may only be held in the event of approval of a settlement agreement or in other cases where the court finds it necessary. In other cases, the court adopts a decision on recognizing the debtor bankrupt without the creditor meeting. The approval of the bankruptcy manager of the debtor's property pursuant to paragraph 2 of Clause 209 of the Bankruptcy Law should occur in cases where the court has established, including on the basis of the interim manager's report, that the debtor has real or valuable personal property, needing constant management (enterprise, existing production etc.). The bankruptcy manager may be appointed in other cases where the court finds it impossible or difficult to consider the issue in the bankruptcy case without his participation. In particular, the need for appointment of a bankruptcy manager may be necessary to challenge the debtor's transactions on the grounds provided by the Bankruptcy Law, where there is a significant quantity of competing creditors, the presence of secured creditors along with bankruptcy creditors, a substantial amount of current payments, the need to involve third parties to conduct the bankruptcy proceedings, or where the debtor's property is under common (joint) property and, subject to division, should be included in the bankruptcy estate, etc.

The first meeting of creditors appointed by the bankruptcy manager for 27.03.2015 at the location of the debtor was not held because of lack of access to the meeting's venue.

Holding of the creditor meeting in this case by creditors independently is not provided for by the Bankruptcy Law, therefore, grounds for Court approval to implement its decisions are not available.

However, the court considers it necessary to note that the creditors of the debtor in their recent meeting and in the court session petitioned for the institution of the procedure of bankruptcy – bankruptcy manager with respect to the debtor.

A similar petition was asserted by the bankruptcy manager of the debtor.

Given the above, taking into account the expiration of the term of consideration of the bankruptcy case, and the lack of adequate evidence in support of the petition of the debtor about delaying the trial, the court finds it appropriate to recognize the debtor as insolvent (bankrupt) and to institute the bankruptcy proceeding with respect to the debtor.

Taking into account the large amount of the debtor's real property needing constant management, the availability of secured creditors along with creditors in bankruptcy, the arbitration court concludes that it is necessary to appoint the bankruptcy manager of the debtor.

Since resolution of the candidacy of the bankruptcy manager or self-regulating organization fr DERZH0023

5

members the bankruptcy manager must be approved, falls within the competence of the first creditors meeting that was not conducted in the prescribed manner, the court considers it necessary to entrust the execution of their duties on interim management of the debtor, the interim manager , by compelling the interim manager to hold the creditor meeting of the debtor on the above issue.

Monthly remuneration of the bankruptcy manager is determined by the arbitral court in accordance with Clause 20.6 of the Bankruptcy Law in the amount of 30,000 rubles per month out of the funds and other property of the debtor.

According to section 1 of Clause 216 of the Bankruptcy Law since adoption by the arbitration court of the decision recognizing an individual entrepreneur bankrupt and about instituting bankruptcy proceedings, the state registration of the person as an individual entrepreneur becomes inoperative.

In accordance with Clauses 167-170, 176, 223 of the Arbitration Procedural Code of the Russian Federation, articles 124-127 of the Federal Law "On Insolvency (Bankruptcy)" the Arbitration Court of the Moscow Region

RESOLVED:

To recognize the individual entrepreneur Evgeny Mikhailovich Morozov (770301034279 INN, OGRN 309774611700052, 140000, Moscow region, Istrinsky district, Kotovo, 1) insolvent (bankrupt) and to institute arbitration proceedings with respect to him for a period of 6 months until 30.09.2015.

To entrust execution of the bankruptcy manager duties of Morozov E. M. to the interim manager .Maltsev E.M.. with monthly remuneration in the amount of 30000 rubles 00 kopecks out of the funds and other property of the debtor.

To oblige the acting bankruptcy manager on 24.04.2015 at the latest to hold he creditor meeting of the debtor to consider the issue of choosing a self-regulating organization, the members of which shall be approved by the bankruptcy manager, and about requirements of the candidate for the position of such manager.

To appoint for 12.05.2015 at 11:00, office No. 612 in the court building, consideration of the approval of the bankruptcy manager.

The bankruptcy manager on termination of the procedure to submit to the arbitration court a report on bankruptcy proceeding results.

To appoint a court session on consideration of the bankruptcy report of the bankruptcy manager of the debtor for September 30, 2015, at 10 a.m, office 612 in the court.

The bankruptcy manager by that date must submit a reasoned request for extension of the term of the bankruptcy proceedings or its completion, a copy of the petition must be sent in advance to addresses of persons participating in the case.

The decision is subject to immediate execution and can be appealed during a month from the date of its adoption in the Tenth Arbitration Court of Appeal.

Judge /Signature/ M.G. Torosyan

Stamp: /Arbitration Court of the Moscow Region * FOR A TRUE COPY * Position Judge Assistant /Signature/ March 30, 2016/

Round seal: /Arbitration Court of the Moscow Region/

Moscow City
April 04, 2016

I, Akimov Gleb Borisovich, a notary public of Moscow City, hereby certify that this is a true copy of the original document. The latter does not contain any erasures, additions, crossed out words, or any other improperly executed corrections or any peculiarities.
Registered in the register at No. *11-13253*
Collected as per tariff: *20 RUB*
Notary Public    /Signature/

*Round Seal:*
*Notary Public of Moscow City*
*Akimov G.B.*
*INN 770400047857*

Total bound, numbered and sealed -2- pages

Notary public    /Signature/

*Round Seal:*
*Notary Public of Moscow City*
*Akimov G.B.*
*INN 770400047857*

*Translation of the text from Russian into English is made by me, translator Mamedov Timur Dzhavanshirovich. Requirements to the text of translation (maximum accuracy, competent statement) are explained to me. I undertake a personal responsibility for correctness of translations executed by me.*

Перевод данного текста с русского языка на английский язык сделан мной, переводчиком Мамедовым Тимуром Джаваншировичем. Требования к тексту перевода (максимальная точность, грамотное изложение) мне разъяснены.
Принимаю на себя полную ответственность за верность выполненных мною переводов.

Город Москва

Двенадцатого апреля две тысячи шестнадцатого года

Я, Акимов Глеб Борисович, нотариус города Москвы, свидетельствую подлинность подписи, сделанной переводчиком Мамедовым Тимуром Джаваншировичем в моём присутствии. Личность его установлена.

Зарегистрировано в реестре за № 8 - 14205

Взыскано по тарифу: 200 руб. из них 200 руб. п.т.р.

Нотариус

DERZH0025

7

Всего прошнуровано, пронумеровано

и скреплено печатью _____ листов

Нотариус

DERZH0026

## APOSTILLE
(Convention de la Haye du 5 octobre 1961)

1. Страна: Российская Федерация
   Настоящий официальный документ
2. был подписан  _Акимовым Г.Б._
   (фамилия)
3. выступающим в качестве  _нотариуса_
4. скреплен печатью/штампом
   _нотариуса г. Москвы Акимова Г.Б._
   (название учреждения)

### УДОСТОВЕРЕНО

5. в городе  _Москва_   6.  _14.04.2016 г._
                              (дата)
7. _Клопцовым Р.Р. заместителем начальника Главного управления Министерства юстиции Российской Федерации по Москве_
   (название удостоверяющего органа)
8. за №  _77/10527-16_
9. печать/штамп                10. подпись

Настоящий апостиль удостоверяет подлинность подписи и должность лица, подписавшего документ, и, в надлежащем случае, подлинность печати или штампа, которыми скреплен этот документ. Апостиль не удостоверяет содержание документа, в отношении которого был выпущен.

DERZH0027



Прошито, пронумеровано
и скреплено печатью 8 листов

Заместитель начальника
Главного управления Министерства юстиции
Российской Федерации по Москве

_____ Р.Р. Клопцов

DERZH0028