<u>Exhibit 2 to Form 401</u>
Appointment Order

60_3702669




**КОПИЯ С КОПИИ**

**Арбитражный суд Московской области**
107053, ГСП 6, г. Москва, проспект Академика Сахарова, д.18
http://asmo.arbitr.ru/

# ОПРЕДЕЛЕНИЕ
## об утверждении конкурсного управляющего

г.Москва                                                                                       Дело № А41-51200/14

«10» июня 2015 г.

Резолютивная часть определения объявлена «10» июня 2015 г. Определение в полном объеме изготовлено «10» июня 2015 г.

Арбитражный суд Московской области
в составе: судья Торосян М. Г.,
при ведении протокола судебного заседания секретарём Блудовой А. В.,
рассмотрев в судебном заседании по делу о несостоятельности (банкротстве) ИП Морозова Е. М. вопрос об утверждении конкурсного управляющего,
при участии в судебном заседании: согласно протоколу,

установил:

Решением Арбитражного суда Московской области от 02.04.2015 г. индивидуальный предприниматель Морозов Евгений Михайлович (ИНН 770301034279, ОГРН 309774611700052) признан несостоятельным (банкротом), в отношении него открыто конкурсное производство сроком на 6 месяцев, до 30.09.2015 г.

При этом, поскольку первое собрание кредиторов не проводилось, а суд пришел к выводу о необходимости утверждения конкурсного управляющего, исполнение обязанностей конкурсного управляющего должника было возложено на временного управляющего Мальцева Матвея Александровича с обязанием последнего провести собрание кредиторов должника для рассмотрения вопроса о выборе саморегулируемой организации, из числа членов которой должен быть утвержден конкурсный управляющий, и о требованиях к кандидатуре такого управляющего.

На состоявшемся 06.05.2014 г. собрании кредиторы, обладающие в совокупности 98,646 % голосов, единогласно проголосовали за утверждение конкурсным управляющим члена НП СРО «МПЦУ» Демиденко Юрия Никитовича.

В материалы дела из саморегулируемой организации поступил пакет документов по кандидатуре данного арбитражного управляющего для его утверждения конкурсным управляющим должника.

Возражений по кандидатуре арбитражного управляющего в материалы дела не представлено.

Рассмотрев представленную саморегулируемой организацией информацию, арбитражный суд считает, что кандидатура арбитражного управляющего Демиденко Ю. Н. соответствует требованиям, предусмотренным ст. ст. 20 и 20.2 Федерального закона «О несостоятельности (банкротстве)» от 26.10.2002 г. № 127-ФЗ.

Обстоятельств, препятствующих утверждению Демиденко Ю. Н. конкурсным управляющим должника, судом не установлено.

Руководствуясь ст. ст. 184-185, 176, 223 Арбитражного процессуального кодекса Российской Федерации, Арбитражный суд Московской области

определил:

Утвердить конкурсным управляющим ИП Морозова Е. М. члена НП СРО «МПЦУ» Демиденко Юрия Никитовича (ИНН 504500170139, адрес для корреспонденции: 142805, Московская область, п/о Ступино-5, а/я 62).

Определение может быть обжаловано в Десятый арбитражный апелляционный суд в течение четырнадцати дней со дня его вынесения.

Судья                                                                                           М. Г. Торосян

Российская Федерация. Город Москва    17 АВГ 2018

Я, Князева Анастасия Петровна, временно исполняющий обязанности нотариуса города Москвы Щеткина Евгения Викторовича, свидетельствую верность копии с представленной мне копии

Зарегистрировано в реестре: N _____
Взыскано по тарифу: _____
Уплачено за оказание услуг прав. и тех. характера: _____

А.П. Князева

*Translation from Russian into English*
*Перевод с русского языка на английский язык*

60_3702669

/ Stamp: COPY OF A COPY/

## Arbitration Court of Moscow Region

18 Akademik Sakharov Avenue, Municipal Post Office No 6, 107053, Moscow City
http://asmo.arbitr.ru/

### RULING
### on the Approval of the Bankruptcy Receiver

Moscow City                                                                                           Case No. A41-51200/14

June 10, 2015

The operative part of the ruling was declared on June 10, 2015. The Ruling in its entirety was issued on June 10, 2015.

The Arbitration Court of Moscow Region
composed of: Judge M.G. Torosian,
Secretary A.V. Bludova maintaining a record of the proceedings
having considered the issue of the insolvency (bankruptcy) of Individual Entrepreneur E.M. Morozov and approval of the Bankruptcy Receiver's decision thereon,
with participation in the court proceedings: in accordance with procedures

has established the following:

By the decision of the Arbitration Court of Moscow Region dated April 2, 2015 the Individual Entrepreneur, Evgenii Mikhailovich Morozov (TIN 770301034279, PSRN 309774611700052), was declared insolvent (bankrupt) and bankruptcy proceedings were commenced with respect to him for a period of 6 months until September 30, 2015.

Upon that finding, given that the first meeting of creditors was not held, and given the court conclusion of the need to approve a bankruptcy receiver, the performance of obligations of the debtor's bankruptcy receiver was entrusted to the Interim Receiver, Matvei Aleksandrovich Maltsev thus obliging the latter to hold a meeting of the debtor's creditors in order to consider the issue of choosing a self-regulatory organization from whose members the bankruptcy receiver should be approved, as well as requirements for the candidacy of such a bankruptcy receiver.

In the course of the Meeting held on May 6, 2014 the creditors, holding in aggregate 98.646% of the votes, voted unanimously to approve Iurii Nikitovich Demidenko, a member of NP SRO "MPCU" (Non-Commercial Partnership Self-Regulatory Organization "Interregional Center of Professional Receivers"), to act as the Bankruptcy Receiver.

The case files were supplemented by a set of documents from the Self-Regulatory Organization on the candidacy of such Bankruptcy Receiver for its approval by the debtor's bankruptcy receiver.

There were no objections to the candidacy of the Bankruptcy Receiver in the case files.

Having considered the information provided by the Self-Regulatory Organization, the Arbitration Court finds that the candidacy of Iu. N. Demidenko as the Bankruptcy Receiver meets the requirements provided for in Articles 20 and 20.2 of the Federal Law No. 127-FZ dated October 26, 2002 "On Insolvency (Bankruptcy)".

2

60_3702669

There were no circumstances preventing the approval of Iu. N. Demidenko to act as the debtor's Bankruptcy Receiver established by the court.

Being guided by Articles 184-185, 176, 223 of the Arbitration Procedural Code of the Russian Federation, the Arbitration Court of Moscow Region

has ruled as follows:

To approve Iurii Nikitovich Demidenko, a member of NP SRO "MPCU" (TIN 504500170139, address for correspondence: p/o Stupino-5, P.O. Box 62, 142805, Moscow Region,) as the Bankruptcy Receiver of the Individual Entrepreneur E.M. Morozov.

This Ruling may be appealed to the Tenth Arbitration Appeals Court within fourteen days from the date of its issuance.

The Judge /signed/ M.G. Torosian

/Stamp: Arbitration Court
of Moscow Region
TRUE COPY
Position
Signature /signed/

Stamp:
The Russian Federation. City of Moscow
August 17, 2018.
I, Knyazeva Anastasia Petrovna, Deputy Notary of the city of Moscow, Shchetkin Evgeny Viktotovich, hereby certify this to be a true copy of the copy of *document* which I have seen.

Recorded in the register: *771812-н177-2018-2-826*
Collected as per tariff: *20 Rub.*
Paid for legal and technical services: *100 Rub.00 kop.*

(signature)                    A. P. Knyazeva


Official seal: Notary E. V. Shchetkin * Notarial district Moscow



**Двадцать шестого сентября две тысячи восемнадцатого года.**

Перевод данного текста сделан мной, переводчиком **Насировой Солмаз Атамоглан кызы**. Гарантирую полноту и правильность перевода. Требования к тексту перевода (максимальная точность, перевод всех реквизитов, грамотное изложение, соблюдение терминологии, сокращений и т.п.), мне разъяснены. Принимаю на себя личную ответственность за верность выполненного мной перевода. Обязуюсь соблюдать тайну совершения нотариальных действий и сведений, которые стали мне известны в связи с переводом документа. Об ответственности предупреждена.

*(signature)* Насирова Солмаз Атамоглан кызы

**Российская Федерация**

**Город Москва**

**Двадцать шестого сентября две тысячи восемнадцатого года**

Я, Князева Анастасия Петровна, временно исполняющая обязанности нотариуса города Москвы Щеткина Евгения Викторовича, свидетельствую подлинность подписи переводчика Насировой Солмаз Атамоглан кызы.
Подпись сделана в моем присутствии.
Личность подписавшего документ установлена.


Зарегистрировано в реестре: № 77/812-н/77-2018- *15-74*

Взыскано государственной пошлины (по тарифу): 100 руб.

Уплачено за оказание услуг правового и технического характера: 200 руб.

*(signature)*                                                            А.П. Князева

Всего прошнуровано, пронумеровано
и скреплено печатью <u>4</u> лист(а)(ов)

ВРИО Нотариуса



## APOSTILLE

(Convention de la Haye du 5 octobre 1961)

1. Страна: Российская Федерация
   Настоящий официальный документ
2. был подписан          _Князевой А.П._
                              (фамилия)
3. выступающим в качестве    _вр.и.о. нотариуса Щеткина Е.В._
4. скреплен печатью/штампом _____
   _нотариуса г. Москвы Щеткина Е.В._
                (название учреждения)

### УДОСТОВЕРЕНО

5. в городе    _Москва_          6.   _01.10.2018 г._
                                            (дата)
7. _Магамдалиевой Д.К. начальником отдела по вопросам адвокатуры, нотариата, государственной регистрации актов гражданского состояния и проставления апостиля Главного управления Министерства юстиции Российской Федерации по Москве_

   (название удостоверяющего органа)

8. за №    _77/32264-18_
9. печать/штамп                10. подпись

Настоящий апостиль удостоверяет подлинность подписи и должность лица, подписавшего документ, и, в надлежащем случае, подлинность печати или штампа, которыми скреплен этот документ. Апостиль не удостоверяет содержание документа, в отношении которого был выпущен./ This Apostille only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued.



Прошито, пронумеровано и скреплено печатью

5 ( пять ) лист об

Начальник отдела по вопросам адвокатуры, нотариата, государственной регистрации актов гражданского состояния и проставления апостиля Главного управления Министерства юстиции Российской Федерации по Москве

_____ Д.К. Магамдалиева