**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:                                              :
                                                    :
                                                    :
Evgeny M. Morozov,                                  :    Chapter 15
                                                    :    Case No. 19-10629 (SMB)
                                                    :
      Debtor in a Foreign Proceeding                :
---------------------------------------------------------------x

The parties having conferred among themselves. The following statements, directions and agreements are adopted as the Pretrial Order herein.

## I.  NATURE OF THE CASE

Yuri N. Demidenko (the "Foreign Representative") seeks two forms of relief: (1) recognition of a bankruptcy proceeding pending in the Russian Federation (the "Russian Insolvency Proceeding") in which Evgeny Morozov is the debtor (the "Debtor") as a foreign main proceeding pursuant to 11 U.S.C. § 1517; and (2) related relief pursuant to 11 U.S.C. § 1521 to conduct discovery and to entrust the Debtor's U.S.-based assets to the Foreign Representative. The related relief is conditioned on recognition of the Russian Insolvency Proceeding.

With respect to the Foreign Representative's request for recognition of the Russian Insolvency Proceeding, the dispute turns on the Debtor's center of main interest pursuant to section 1517(b)(1) of title 11 of the United State Code. The Foreign Representative contends that the Debtor's center of main interest is in the Russian Federation. The Debtor contends that his center of main interest is in the United States.

The Foreign Representative is not contending that the Russian Insolvency Proceeding is a foreign non-main proceeding.

With respect to the Foreign Representative's request for related relief pursuant to section 1521 of title 11 of the United States Code, the Foreign Representative seeks permission to conduct discovery pursuant to 11 U.S.C. § 1521(a)(4) and seeks an order entrusting the Debtor's U.S.-based assets pursuant to 11 U.S.C. § 1521(a)(5).

As set forth below, the Debtor contends that his center of main interest is in the United States. Therefore, the Russian Insolvency Proceeding cannot be recognized as a foreign main proceeding. The Debtor further contends that even if the Court recognizes the Foreign Representative as a foreign main proceeding, the Foreign Representative is not entitled to the related relief of discovery and entrustment of the Debtor's U.S.-based assets until the merits of

the Petition are considered in a separate hearing and Debtor has had a chance to demonstrate to the Court that the Petition is based on multiple material misrepresentations of facts.

The Debtor further contends that the Court should not grant the automatic relief to the Foreign Representative set forth in 11 U.S.C. § 1520, in particular, without limitation, the right to intervene in the NY Action (as defined in the Verified Petition) because this hearing, per the Honorable Stuart M. Bernstein Order, is solely to consider the COMI issue, not the Petition itself, which the Debtor has had no opportunity to challenge.

## II.   BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 156 and 1334, 11 U.S.C. §§ 109 and 1501 and the Amended Standing Order of Reference M10-468, dated February 1, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). The court can enter final orders and judgment. The Foreign Representative and the Debtor consent to the bankruptcy judge entering final orders or judgment.

## III.   STIPULATED FACTS

1. On August 21, 2014, the Debtor commenced the Russian Insolvency Proceeding by filing a petition for relief under Russian Insolvency Law in the Commercial (Arbitrazh) Court of the Moscow Region (the "Moscow Arbitrazh Court") pursuant to Russian Federation Federal Law No. 127-FZ "On Insolvency (Bankruptcy)" ("Russian Insolvency Law").

2. The Russian Insolvency Proceeding was assigned case no. A41-51200/2014 and is pending before the Honorable M.G. Torosian.

3. The Russian Insolvency Proceeding is pending in the Russian Federation.

4. Russian Insolvency Law governs the Russian Insolvency Proceeding.

5. The Russian Insolvency Proceeding is a collective judicial proceeding in which the asset and affairs of the Debtor are subject to the control of the Arbitrazh Court of the Moscow Region.

6. Y.N. Demidenko is the bankruptcy trustee in the Russian Insolvency Proceeding.

7. Y.N. Demidenko is a person.

8. Y.N. Demidenko is authorized in the Russian Insolvency Proceeding to administer the liquidation of the Debtor's assets or affairs.

9. No other person is authorized to represent the Russian Insolvency Proceeding.

10. The Russian Insolvency Proceeding is the only foreign proceeding currently pending with respect to the Debtor.

11. The Debtor appealed the most current (9th) extension of the Russian Insolvency Proceeding based on the Debtor's contentions that no assets have been discovered by the Foreign Representative in 4.5 years, that the Foreign Representative is acting in his own interests to continuously renew the proceedings since he draws a salary from it, Russian creditors are

2

disadvantaged by it and the Debtor is needlessly suffering from continuing procedure. The appellate decision in Moscow District is pending and is expected in August 2019.

### IV.    PARTIES' CONTENTIONS
#### A.    The Foreign Representative's Contentions
##### Request for Recognition

The Foreign Representative incorporates herein by reference as if set forth fully herein, the allegations made in paragraphs 1 through 39, 46, and 49 through 66 of the Verified Complaint.

##### Eligibility

The Foreign Representative incorporates herein by reference as if set forth fully herein, the allegations made in paragraphs 42 through 45 of the Verified Complaint.

##### Request for Automatic Relief

The Foreign Representative realleges and incorporates herein by reference as if set forth fully herein, the allegations made in paragraphs 67 through 70 of the Verified Petition.

##### Request for Related Relief

The Foreign Representative realleges and incorporates herein by reference as if set forth fully herein, the allegations made in paragraphs 71 through 95 of the Verified Petition.

##### Public Policy

The Foreign Representative realleges and incorporates herein by reference as if set forth fully herein, the allegations made in paragraphs 96 through 98 of the Verified Petition.

#### B.    Debtor's Contentions

The Debtor's Center of Main Interest is in the United States. The Debtor does not have domicile or habitual residence in Russia. The Debtor does not have an establishment or business in Russia. The Debtor's residence and activities in 2015-2019 were in the United States with the exception of participating in Russian bankruptcy proceedings through a Russian attorney. The Debtor has not been to Russia since April 2015. Therefore, there is no basis for the Court to recognise the Petition.

The Debtor appealed the most current (9th) extension of the Russian Insolvency Proceeding based on the fact that no assets have been discovered by the Foreign Representative in 4.5 years, that the Foreign Representative is acting in his own interests to continuously renew the proceedings since he draws a salary from it, Russian creditors are disadvantaged by it and the Debtor is needlessly suffering from continuing procedure. The appellate decision in Moscow District Arbitration Court is pending and should be available before the end of August 2019.

Debtor further contends that his Exhibits were prepared based on the Honorable Judge Stuart M. Bernstein Order on COMI evidence and do not include affidavits and Exhibits related to the substantive contentions in the Petition which merits and the Debtor's evidence challenging its merits should be considered in a separate hearing.

3

    Debtor further requests physical presence of the Petitioner Mr Demidenko in Court. The Debtor is entitled to confront witnesses against him in person and the Court should be able to access witness' credibility in person including ability to see his body language, especially because Mr Demidenko will be using a translator from Russian. Mr Demidenko is a former Russian Security Services member and may continue to be employed by or provide services to FSB or similar notorious organisation in Russia and this fact may have influenced the Russian Court. The Foreign Representative Counsel knew those facts in advance yet chose to inform the Court at the last minute.

    Debtor further objects against Mr. Georgy M. Murvanidze acting as a fact witness and an expert witness at the same time. Mr. Murvanidze is a lawyer employed by one of the main creditors in Russian proceedings - Derzhava Bank - and may not act as an impartial witness because his testimony will be biased. Also, anything he says as a lawyer who was not present at the time of Russian Proceedings commencement in 2014 is hearsay since he has no direct knowledge of those events.

    The Debtor respectfully further requests that the Court:

1) denies recognition of the Petition based on COMI,
2) denies recognition of the Russian Insolvency Proceeding as a foreign main proceeding or foreign non-main proceeding,
3) denies the related, other and further relief because 1) the COMI is in the United States and 2) the Debtor should have the opportunity to introduce evidence challenging the Petition on the merits and to demonstrate to the Court that it is based on numerous false statements and misrepresentations and the Foreign Representative is acting in his own interests, not in the interests of Russian creditors.
4) denies intervention in the NY Action,
5) denies the right to issue subpoenas *duces tecum* and to examine witnesses,
6) denies request entrusting to the Foreign Representative the administration and realization of the Debtor's U.S.-based assets, and
7) rules that the Foreign Representative reimburses The Debtor for all reasonable expenses associated with participation in the proceedings including but not limited to printing, copying, binding documents, travel and hotel in New York and costs of CourtCall services.

Should the Court rule in this hearing in favor of the Foreign Representative, The Debtor also respectfully requests that the Court grants his document request submitted on April 15, 2019 wr# suryh#wkdw#wkh#Iruhljq#Uhsuhvhqwdwlyh#lv#misleading the Court in the Petition and requests a separate hearing to present his objections to the Petition.

### V.    ISSUES TO BE TRIED

Whether the Debtor's center of main interest, pursuant to 11 U.S.C. §1517(b)(1), is in Russia or the United States.

4

Whether the Foreign Representative is entitled to conduct discovery and to be entrusted with the Debtor's U.S.-based assets pursuant to 11 U.S.C. §§ 1521(a)(4), (5) and (7) as requested in the Verified Petition before the Petition has been considered by the Court on merits and before Debtor has had an opportunity to object and provide evidence that the Petition is misleading the Court, in a separate hearing.

## VI. THE FOREIGN REPRESENTATIVE'S EXHIBITS

| Exhibit Number | Document |
| --- | --- |
| PX Exhibit 1 | First Amended Complaint |
| PX Exhibit 2 | Commencement and Liquidation Order |
| PX Exhibit 3 | Appointment Order |
| PX Exhibit 4 | Rule 1007 List |
| PX Exhibit 5 | Extension Orders and Appellate Decision |
| PX Exhibit 6 | Petition Russian Translation |
| PX Exhibit 7 | Russian Bankruptcy Code (English) |
| PX Exhibit 8 | Passport Russian Morozov |
| PX Exhibit 9 | Morozov Email dated 11.18.18 |
| PX Exhibit 10 | Morozov Letter Regarding Assets |
| PX Exhibit 11 | Russian Federal Tax Authority Report |

## VII. THE DEBTOR'S EXHIBITS prepared in accordance with the Honorable Judge Stuart M. Bernstein Order related to COMI:

DX A True and accurate copies of Lease for Apt 6 at 154 West 76 St in NYC from Dec 1 2016 until Nov 30, 2017 extended until Feb 20, 2018.

DX B True and accurate copies of The Debtor's hotel reservations from January 13 until Feb 26 2018 in San Francisco.

DX C True and accurate copies of The Debtor's Lease for apartment 10D at 338 Spear St San Francisco CA from Feb 27, 2018 until Aug 31 2018.

DX D True and accurate copies of the Court Order granting The Debtor exemption from San Francisco landlord's lawsuit due to financial hardship.

DX E True and accurate copies of hotel reservations from June 20, 2018 until Feb 27, 2019 where The Debtor lived in hotels booked through booking.com.

DX F True and accurate copies of hotel reservations from June 20, 2018 until Feb 27, 2019 where The Debtor lived in hotels booked through Hotel Tonight.

DX G True and accurate copies of hotel reservations from June 20, 2018 until Feb 27, 2019 where Debtor lived in homes booked through AIRBNB.

DX H Statements and Bills of all Debtor's creditors in the United States, with full names and addresses, including any current or former landlords.

DX I A true and accurate copy of the page(s) of the Debtor's United States of America passport showing the passport number and the Debtor's picture.

DX J True and accurate copies of any Forms W2's the Debtor received relating to any compensation paid to, or on behalf of, the Debtor between January 1, 2018 and February 27, 2019.

DX K True and accurate copies of any Forms 1099's the Debtor received relating to any income paid to, or on behalf of, the Debtor between January 1, 2018 and February 27, 2019.

DX L  Medical documents showing Debtor's health status.

DX M Memorandum Decision and Order Denying Recognition of Foreign Proceeding Under Chapter 15 of the Bankruptcy Code in In Re Pirogova Case No 18-10870 (SCC).

## VIII.  STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

### A.  **Debtor's Stipulations and Objections with respect to the Foreign Representative's Exhibits:**

The Debtor contends if Mr. Demidenko is not present in Court physically, none of the Petitioner's Exhibits provided by the Foreign Representative may be used.

1. First Amended Complaint. Debtor objects to this Exhibit on the grounds of irrelevance to the COMI issue.

2. Commencement and Liquidation Order. Debtor objects to this Exhibit since this document is not relevant to the issue of COMI as it relates to pre-2014 assets in Russian Federation and all of Debtor's assets have been sold by the Foreign Representative in 2014-2016. It does not show Debtor's residence or economic activity in Russia.

3. Appointment Order. Debtor objects to this Exhibit since this document is irrelevant to the COMI issue since it relates to Russian Bankruptcy proceedings commenced in 2014 and does not establish that Debtor's COMI is in Russia. It does not show Debtor's residence or economic activity in Russia.

4. Rule 1007 list. Debtor objects to this Exhibit since this document is not relevant to the issue of COMI. It does not show Debtor's residence or economic activity in Russia.

5. Extension Order. Debtor objects to this Exhibit since this document is not relevant to the issue of COMI. It does not show Debtor's residence or economic activity in Russia.

6. Chapter 15 Petition. Debtor objects to this Exhibit because this Petition does not establish that Debtor's COMI is in Russia. It does not show Debtor's residence or economic activity in Russia.

      7.      Russian Bankruptcy Code. Debtor objects to this Exhibit because this document has not been officially translated into English and therefore should not be used in US Court. Also, this document does not establish that Debtor's COMI is in Russia. It does not show Debtor's residence or economic activity in Russia.

      8.      Passport Morozov. Debtor objects to this Exhibit because this document is not relevant and does not establish that Debtor's COMI is in Russia. It shows Debtor's registration in Russia in 2012 while Debtor moved to the US in 2014 has not been to Russia since April 2015. Moreover, the address of registration is incorrect since that house was sold pursuant to the Russian Court Order in 2015-2016. This document does not show Debtor's residence or economic activity in Russia.

      9.      Morozov email dated Nov 18, 2018. Debtor objects to this Exhibit because this document is irrelevant to the COMI issue as it does not show that Debtor's COMI is in Russia. It does not show Debtor's residence or economic activity in Russia.

      10.      Morozov letter regarding assets dated Sep 29, 2018. Debtor objects to this Exhibit because this document is not relevant to the COMI issue, was sent by Debtor's Russian attorney and does not establish that Debtor's COMI is in Russia. It is also irrelevant since it refers only to documents dating prior to bankruptcy filing in 2014. It does not show Debtor's residence or economic activity in Russia.

      **B.**      **Foreign Representative's Stipulations and Objections With Respect to the Foreign Representative's Exhibits:**

The Foreign Representative objects to Debtor's Exhibits DX B, E, F and G on the grounds that they are hearsay. Further, their relevance is not clear until the Debtor establishes a foundation and, therefore, the Foreign Representative reserves the right to object on this ground.

**IX.**      **FOREIGN REPRESENTATIVE'S WITNESS LIST**

The Foreign Representative expects to call Yuri N. Demidenko and Georgy M. Murvanidze as fact witnesses. The Foreign Representative reserves the right to request permission to recall Messrs. Demidenko and Murvanidze as rebuttal witnesses, if appropriate.

The Foreign Representative will request in a separate letter to the Court that Mr. Demidenko appear by video conference and/or telephone. As set forth more fully in the letter, Mr. Demidenko is barred by Russian law from leaving the Russian Federation due to previous employment in a sensitive national security sector.

**X.**      **DEBTOR'S WITNESS LIST**

      Eugene Morozov

### XI. FOREIGN REPRESENTATIVE'S EXPERT WITNESSES

Georgy M. Murvanidze. Mr. Murvanidze will testify regarding Russian Insolvency Law, and in particular: the role, powers and obligations of the Foreign Representative and the Debtor in the Russian Insolvency Proceeding and the nature of a bankruptcy proceeding under Russian law.

### XII. DEBTOR'S EXPERT WITNESSES

None.

### XIII. RELIEF SOUGHT

The Foreign Representative requests that the Court enter an order:

a. Granting the Petition in this case;

b. Recognizing the Russian Insolvency Proceeding as a foreign main proceeding and thus automatically affords to the Foreign Representative the relief set forth in 11 U.S.C. § 1520(a), including, specifically:

   (1) automatically staying the NY Action pursuant to 11 U.S.C. § 1520(a)(1);

   (2) authorizing the Foreign Representative to intervene in the NY Action pursuant to 11 U.S.C. §§ 362 and 1524(a)(1);

   (3) prohibiting unauthorized post-petition transfers of assets of the Debtor pursuant to 11 U.S.C. §§ 549 and 1520(a)(2); and

   (4) granting the Foreign Representative all of the rights of a bankruptcy trustee under 11 U.S.C. § 363 pursuant to 11 U.S.C. §1520(a)(3).

c. Granting related relief pursuant to Sections 542(e), 1507, 1521(a)((4), 1521(a)(5) and 1521(a)(7), specifically an order:

   (1) Granting the Foreign Representative the right to issue subpoenas *duces tecum* and to examine witnesses, take evidence and/or require the delivery of information from (a) Standard Capital regarding the Debtor's partnership interest and business activities with Standard Capital, (b) MEM relating to its financial affairs and business activities, including, but not limited to, all financial statements dating back to the date of its incorporation, including income statements, balance sheets, cash flow statements, balance sheets, and income statements, (c) Condominium LLC, the Debtor's sister, Alla Mikhailovna Morozova, and the Debtor's brother-in-law, Mikhail Fabrik, a/k/a Michael Fabrik, regarding the proceeds from the sale

8

of the Condominium, and (d) the Debtor's asserted spouse, Liana Shushkevich, regarding the Debtor's assets and business activities;

(2) Requiring the Debtor to deliver or make reasonably available to the Foreign Representative all of the Debtor's business and financial records for the five years before he commenced the Russian Insolvency Proceeding on August 21, 2014, including, but not limited to all financial records, including balance sheets, cash flow statements, and including all such records of MEM Consulting, Inc.;

(3) Entrusting to the Foreign Representative the administration and realization of the Debtor's U.S.-based assets, including, but not limited to, assets of the Debtor in the possession, custody, or control of MEM, the Debtor's sister, Alla Mikhailovna Morozova, the Debtor's brother-in-law, Mikhail Fabrik, a/k/a Michael Fabrik, Condominium LLC, Standard Capital, and the Debtor's asserted spouse, Liana Shushkevich; and

(4) Grants such other and further relief as the Court deems equitable and just.

The Debtor respectfully requests that the Court:
1) denies recognition of the Petition based on COMI and dismisses the Petition,
2) denies recognition the Russian Insolvency Proceeding as a foreign main proceeding or foreign non-main proceeding,
3) denies the related, other and further relief until the Petition has been considered on merits in a separate hearing,
4) requests physical appearance of the Petitioner Mr Demidenko in Court.
5) denies intervention in the NY Action until the Petition has been considered on merits in a separate hearing,
6) denies the right to issue subpoenas *duces tecum* and to examine witnesses until the Petition has been considered on merits in a separate hearing,
7) denies request entrusting to the Foreign Representative the administration and realization of the Debtor's U.S.-based assets until the Petition has been considered on merits in a separate hearing, and
8) rules that the Foreign Representative reimburses Debtor for all reasonable expenses associated with participation in the proceedings including but not limited to printing, copying, binding documents, travel and hotel in New York and costs of CourtCall services;

Should the Court rule in this hearing in favor of the Foreign Representative, Debtor also respectfully requests that the Court grants his documentary evidence request submitted on April 15, 2019 to prove that the Foreign Representative is misleading the Court in the Petition.

9

## XIV.  ESTIMATED TIME OF TRIAL

The Foreign Representative's case: 1.5 hours

The Debtor's case: 1.5  hours

Dated:  July 29, 2019               MONTGOMERY MCCRACKEN WALKER
                                    & RHOADS LLP

                                    By: */s/ Edward L. Schnitzer*
                                    Edward L. Schnitzer
                                    437 Madison Avenue
                                    New York, NY 10022
                                    Telephone: (212) 551-7781
                                    Facsimile: (212) 599-5085
                                    Email: eschnitzer@mmwr.com
                                           and
                                    POTOMAC LAW GROUP
                                    Pamela M. Egan (admitted *pro hac vice*)
                                    1300 Pennsylvania Ave., NW, Suite 700
                                    Washington, D.C. 20004
                                    Tel.: (415) 297-0132
                                    Fax: (202) 318-7707
                                    Email: pegan@potomaclaw.com
                                    *Counsel for Y.N. Demidenko, in his capacity as the Foreign Representative*

Dated: July 29, 2019

                                    _____
                                    Eugene Morozov, Debtor, acting PRO SE

19-10629-dsj Doc 23 Filed 07/30/19 Entered 07/30/19 10:50:39 Main Document
Pg 11 of 11

**IT IS SO ORDERED:**
**Date: July 30th, 2019**
**New York, New York**

                         **/s/ STUART M. BERNSTEIN**
                            **STUART M. BERNSTEIN**
                          **United States Bankruptcy Judge**